■ EUROPEAN AMERICAN BANK, Appellant, v SYOSSET AUTORAMA, INC., et al., Defendants, and EMBASSY EQUITIES CORP. et al., Respondents. [611 NYS2d 585] —In an action to recover amounts due under promissory notes and guarantees, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 7, 1992, which denied its motion for summary judgment against the respondents Embassy Equities Corp. and Joseph Penny.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the respondents' affirmative defenses are dismissed, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the amount of the attorneys' fees owed to the plaintiff under the promissory notes and guarantees which are the subject of the action.

Contrary to the finding of the Supreme Court, there were no triable issues of fact to warrant the denial of the plaintiff's motion for summary judgment. The plaintiff, as the movant, met its initial burden of establishing a prima facie entitlement to judgment as a matter of law by submitting proof of the existence of notes, guarantees, and the default in payment *(see, North Fork Bank & Trust Co. v Bernstein & Gershman,* 201 AD2d 472). The respondents, however, failed to meet their burden of coming forward with evidentiary proof demonstrating the existence of a triable issue of fact. The respondents'

contention that the plaintiff perpetrated a fraud against them because the guarantees were signed in blank was waived because the respondents continued to make payments pursuant to the guarantees after discovering the alleged fraud *(see, Gannett Co. v Tesler,* 177 AD2d 353). In any event, the guarantees are clear and unambiguous, and the respondents are required to show something more than their own unsubstantiated, conclusory allegations of fraud *(see, Kornfeld v NRX Technologies,* 62 NY2d 686, 687-688; *State Bank v Patel,* 167 AD2d 242, 243; *Columbus Trust Co. v Campolo,* 110 AD2d 616, 617, *affd* 66 NY2d 701). Additionally, to the extent that the respondents relied upon prior or contemporaneous negotiations with the plaintiff at the time of the execution of the notes and guarantees in order to vary the terms of those documents, such assertions violated the parol evidence rule *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 163; *Chimart Assocs. v Paul,* 66 NY2d 570, 571; *National Bank v ESI Group,* 167 AD2d 453, 454).

In light of the fact that the promissory notes and guarantees grant the plaintiff the right to recover attorneys' fees, we remit the matter to the Supreme Court for a hearing to determine the amount of those fees. Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.