(February 24, 1997)

■ ANDERSON CREDIT & LEASING CORP., Respondent, v MURIEL McEVOY, as Executrix of PATRICK McEVOY, Deceased, et al., Appellants, et al., Defendants. [654 NYS2d 32] —In an action to foreclose a mortgage, the defendants Muriel McEvoy, as executrix of the estate of Patrick McEvoy, and Eirn Construction, Inc., appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Modugno, J.H.O.), dated August 9, 1995, as authorized the entry of a deficiency judgment against the defendant Muriel McEvoy, as executrix of the estate of Patrick McEvoy.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

On November 21, 1988, the defendant Eirn Construction, Inc., executed an installment promissory note whereby it agreed to repay to the plaintiff $200,000 together with interest in 60 successive monthly installments. On the same day, Patrick McEvoy, the defendant Muriel McEvoy's decedent, executed a mortgage securing the transaction up to $200,000, and a Security Agreement and Guaranty which "guarantee[d] the

due payment and performance * * * all moneys to be paid, and all things to be done pursuant to each and every condition and covenant contained in said Agreement, or in any supplement thereto, or in any instrument given in pursuance thereof; as well as the due payment of all other obligations which [Eirn Construction] may at any time owe to [plaintiff]."

Since Patrick McEvoy executed the Security Agreement and Guaranty, his estate may be held liable to the plaintiff for the principal and interest due under the promissory note. Furthermore, we reject the appellants' contention that the plaintiff may not recover more than the $200,000 secured by the mortgage. In this case, the guaranty is separate and distinct from the mortgage and imposes greater liability upon the guarantor (see, American Trading Co. v Fish, 42 NY2d 20, 26). Thus, the Supreme Court was correct in authorizing the plaintiff to enter a deficiency judgment against Muriel McEvoy, as executrix of the estate of Patrick McEvoy, for any deficiency upon sale of the mortgaged premises (see, RPAPL 1371). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.