■ BEAL BANK, SSB, Respondent, v SANDPIPER RESORT CORP., Now Known as COLD SPRING BAY OWNERS, INC., et al., Defendants, and DANIEL BARBIERO et al., Appellants. [674 NYS2d 83] —In an action to foreclose a mortgage, the defendants Daniel Barbiero and Mark Mashburn appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (Hall, J.), dated May 28, 1997, as granted the plaintiff's motion for summary judgment and denied their cross motion to dismiss the complaint insofar as asserted against them, (2) an order of the same court, dated August 5, 1997, as, in effect, upon reargument, adhered to so much of the determination made in the order dated May 28, 1997, as granted the plaintiff's motion for summary judgment and denied their cross motion to dismiss the complaint insofar as asserted against them, and (3) a judgment of the same court entered September 16, 1997, as directed them to pay any deficiency after a sale of the mortgaged premises.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Contrary to the appellants' contention, the guarantees of payment at issue were executed by them to guarantee a loan made by Enzo, Ltd., d/b/a The Sandpiper Resort. Therefore, the appellants were not discharged under the bankruptcy reorganization plan and confirmation order of Cold Spring Bay Owners f/k/a Sandpiper Resort Corp. Moreover, by the unqualified language contained in the guarantees, the guarantees are enforceable even if the principal escapes liability (see, Manufacturers Hanover Trust Co. v Green, 95 AD2d 737; Standard Brands v Straile, 23 AD2d 363). Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.