■ JOSEPH POLLINA, Appellant-Respondent, v JACQUELINE BLATT, Respondent-Appellant, et al., Defendant. [691 NYS2d 156] —In an action to recover payment on a guarantee of a mortgage note, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 27, 1998, as denied that branch of his motion which was

for summary judgment against the defendant Jacqueline Blatt, and the defendant Jacqueline Blatt cross-appeals from so much of the same order as granted that branch of the plaintiff's motion which was to strike her affirmative defenses and denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

A guarantee is a separate undertaking and may impose lesser or greater collateral responsibility on the guarantor (*see, American Trading Co. v Fish,* 42 NY2d 20, 26). Contrary to the contentions of the defendant Jacqueline Blatt, she executed an unqualified guarantee, which made her personally liable for the note made by her partnership, 400 West Broadway Associates (*see, Anderson Credit & Leasing Corp. v McEvoy,* 236 AD2d 569, 570; *Beal Bank v Sandpiper Resort Corp.,* 251 AD2d 360). The plaintiff established a prima facie case by proffering admissible evidence that Jacqueline Blatt personally guaranteed the note and the note was in default. In opposition, Jacqueline Blatt failed to come forward with sufficient evidentiary proof to raise a triable issue of fact (*see, European Am. Bank v Syosset Autorama,* 204 AD2d 266). Accordingly, the plaintiff is entitled to summary judgment.

The remaining contentions of the defendant Jacqueline Blatt are without merit. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.