■ MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., Respondent, v PEAK HEALTH CLUB, INC., et al., Respondents-Appellants, and WASHINGTON MUTUAL BANK, FA, Appellant-Respondent. [851 NYS2d 876]—In an action, inter alia, to foreclose a mortgage, Washington Mutual Bank, FA, appeals, as limited by its brief, from stated portions of (1) an amended order of the Supreme Court, Nassau County (Warshawsky, J.), dated May 2, 2006, which, among other things, denied those branches of its cross motion which were for summary judgment declaring that it was not responsible for any "property preservation" expenses or receiver's fees with respect to the mortgaged premises, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered August 7, 2006, which, upon an order of the same court dated June 23, 2005, inter alia, granted that branch of the motion of Merrill Lynch Business Financial Services, Inc., which was for summary judgment on its cause of action to foreclose its mortgage, and denied its motion for summary judgment declaring that its mortgage is superior in priority to the mortgage held by Merrill Lynch Business Financial Services, Inc.; and Peak Health Club, Inc., East Coast Athletic Club, Inc., and Arnold Marshel cross-appeal from stated

portions of the order and judgment of foreclosure and sale which, upon the same order dated June 30, 2005, inter alia, granted that branch of the motion of Merrill Lynch Business Financial Services, Inc., which was for summary judgment on its cause of action to foreclose its mortgage. The notice of cross appeal from the order dated June 30, 2005 is deemed to also be a notice of cross appeal from the order and judgment of foreclosure and sale (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment of foreclosure and sale is modified, on the law, by adding a provision thereto declaring that the mortgage held by Merrill Lynch Business Financial Service, Inc., is superior in priority to the mortgage held by Washington Mutual Bank, FA; as so modified, the order and judgment of foreclosure and sale is affirmed insofar appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to Merrill Lynch Business Financial Services, Inc., payable by Washington Mutual Bank, FA.

The appeal from the intermediate order must be dismissed, as the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (*see* CPLR 5501 [a] [1]).

Washington Mutual Bank, FA (hereinafter WaMu), Peak Health Club, Inc., East Coast Athletic Club, Inc., and Arnold Marshel contend that the Supreme Court incorrectly concluded that a mortgage held by Merrill Lynch Business Financial Services, Inc. (hereinafter Merrill Lynch), on the subject premises is superior in priority to the mortgage held by WaMu on the subject premises, and improperly issued an order and judgment of foreclosure and sale in Merrill Lynch's favor. However, for the reasons set forth in the related appeal (*see Washington Mut. Bank, FA v Peak Health Club, Inc.*, 48 AD3d 793 [2008] [decided herewith]), these contentions are without merit.

The parties' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the order and judgment of foreclosure and sale should include an appropriate declaration in Merrill Lynch's favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Ritter, J.P., Miller, Covello and McCarthy, JJ., concur.