■ WASHINGTON MUTUAL BANK, FA, Appellant-Respondent, v PEAK HEALTH CLUB, INC., et al., Respondents-Appellants, MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., et al., Defendants-Respondents, et al., Defendants. (Action No. 1.) MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., Respondent, v PEAK HEALTH CLUB, INC., et al., Respondents-Appellants, WASHINGTON MUTUAL BANK, FA, Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendants. A & N PLANNING SERVICES, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. (Action No. 2.) [853 NYS2d 112]—

In two related actions, inter alia, to foreclose mortgages, Washington Mutual Bank, FA, appeals (1) from a decision of the Supreme Court, Nassau County (Warshawsky, J.), dated June 13, 2005, (2) from an order of the same court dated June 13, 2005, which granted the motion of A & N Planning Services, Inc., for summary judgment dismissing the complaint in action No. 1 and the third-party complaint insofar as asserted against it in action No. 2, and denied its cross motion for summary judgment declaring that its mortgage is superior in priority to the mortgage held by A & N Planning Services, Inc., and (3), as limited by its brief, from so much of an order of the same court dated June 30, 2005, as, upon the decision, granted that branch of the motion of Merrill Lynch Business Financial Services, Inc., which was for summary judgment on its cause of action to foreclose its mortgage, and denied its motion for summary judgment declaring that its mortgage is superior in priority to the mortgage held by Merrill Lynch Business Financial Services Inc.; and Peak Health Club, Inc., East Coast Athletic Club, Inc., and Arnold Marshel cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of Merrill Lynch Business Financial Services, Inc., which was for summary judgment on its cause of action to foreclose its mortgage, and denied their motion for summary judgment declaring that the mortgage held by Washington Mutual Bank, FA, is superior in priority to the mortgage held by Merrill Lynch Business Financial Services, Inc., and Arnold Marshel appeals, as limited by his brief, (1) from so much of an order of the same court dated December 9, 2005, as granted that branch of the motion of Washington Mutual Bank, FA, which was for summary judgment on the issue of liability on its causes of action against him to recover under a promissory note and guaranty, and (2) from so much of a money judgment of the same court entered March 29, 2006, as, upon the order dated December 9, 2005, is in favor of Washington Mutual Bank, FA, and against him in the principal sum of $3,750,142.45. The notice of appeal

by Arnold Marshel from the order dated December 9, 2005, is deemed to also be a notice of appeal from the money judgment dated March 29, 2006 (*see* CPLR 5501 [c]).

Ordered that the notice of appeal of Peak Health Club, Inc., East Coast Athletic Club, Inc., and Arnold Marshel from the decision is deemed to be a premature notice of appeal from the order dated June 30, 2005 (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal by Washington Mutual Bank, FA, from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the appeal by Washington Mutual Bank, FA, from so much of the order dated June 13, 2005, as granted that branch of the motion of A & N Planning Services, Inc., which was for summary judgment dismissing the third-party complaint insofar as asserted against it in action No. 2 is dismissed; and it is further,

Ordered that the order dated June 13, 2005 is affirmed insofar as reviewed; and it is further,

Ordered that the appeals from the orders dated June 30, 2005 and December 9, 2005 are dismissed; and it is further,

Ordered that the money judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to A & N Planning Services, Inc., payable by Washington Mutual Bank, FA, one bill of costs is awarded to Merrill Lynch Business Financial Services, Inc., payable by Washington Mutual Bank, FA, Peak Health Club, Inc., East Coast Athletic Club, Inc., and Arnold Marshel, and one bill of costs is awarded to Washington Mutual Bank, FA, payable by Arnold Marshel.

The appeal by Washington Mutual Bank, FA, from so much of the order dated June 13, 2005 as granted that branch of the motion of A & N Planning Services, Inc., which was for summary judgment dismissing the third-party complaint insofar as asserted against it in action No. 2, and the appeal and cross appeal from the order dated June 30, 2005, must be dismissed, because the right of direct appeal and cross appeal therefrom terminated with the entry of an order and judgment of foreclosure and sale entered August 7, 2006 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on those appeals and cross appeal are brought up for review and have been considered on the appeal and cross appeal from that order and judgment of foreclosure and sale (*see Merrill Lynch Bus. Fin. Servs., Inc. v Peak Health Club, Inc.*, 48 AD3d 763 [2008] [decided herewith]).

The appeal from so much of the order dated December 9, 2005 as granted that branch of the motion of Washington Mutual Bank, FA, which was for summary judgment on the issue of liability on its causes of action against Arnold Marshel to recover under a promissory note and guaranty must be dismissed because the right of direct appeal therefrom terminated with the entry of the money judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that provision of the order are brought up for review and have been considered on the appeal from the money judgment (*see* CPLR 5501 [a] [1]).

The instant appeals raise, among other issues, the priority of mortgages held by two different mortgagees on the same parcel of land (hereinafter the premises). One of those mortgages is held by Washington Mutual Bank, FA (hereinafter WaMu). The other is held by Merrill Lynch Business Financial Services, Inc. (hereinafter Merrill Lynch).

In 1998 East Coast Athletic Club, Inc. (hereinafter East Coast), operated a health club that was located on premises owned by Peak Health Club, Inc. (hereinafter Peak). Arnold Marshel owned East Coast and Peak.

By note dated July 14, 1998, East Coast borrowed the sum of $3,250,000 from Dime Savings Bank of New York, FSB (hereinafter Dime), which bank would later merge with, and be succeeded by, WaMu. In order to obtain the loan, Peak had to convey the premises to East Coast, and Peak did so.

To secure the loan, East Coast also granted Dime a mortgage on the premises. The "mortgage and security agreement" required Marshel to record the mortgage and Peak's deed to East Coast, and provided that if he did not do so, this would constitute an "event of default." The agreement also prohibited Marshel from conveying or mortgaging the premises without first obtaining Dime's consent, and provided that if he conveyed or mortgaged the premises without first obtaining Dime's consent, this would also constitute an event of default. If any event of default occurred, Dime would have the option of accelerating payment of all principal and interest due under the note, or foreclosing its mortgage.

Marshel executed the note as "principal of Maker," and executed the mortgage and security agreement as "Principal of Mortgagor." In this regard, an "exculpation provision" in the mortgage and security agreement provided that "Mortgagor and any Principal of Mortgagor shall in any event be and shall remain personally liable for each of the matters" that would constitute events of default.

On May 17, 2001 Marshel sold his interest in Peak and East Coast to Paragon Resorts, Inc., which was owned by Dennis Pilotti, Sr. Marshel did not advise WaMu about the sale. In addition, he had not recorded the mortgage held by WaMu, or Peak's deed to East Coast.

By note dated April 16, 2002, Peak borrowed the sum of $309,000 from A & N Planning Services, Inc. (hereinafter A & N). To secure the loan, Peak granted A & N a mortgage on the premises, which was recorded.

By note dated September 13, 2002, Peak borrowed the sum of $5,125,000 from Merrill Lynch, and used part of the loan proceeds to pay off A & N's loan. To secure the loan, Peak granted Merrill Lynch a mortgage on the premises, which was recorded.

Subsequently, WaMu was apprised of A & N's and Merrill Lynch's mortgages. WaMu then recorded its mortgage, and commenced a mortgage foreclosure action (action No. 1), in which it sought a determination that its mortgage was superior in priority to the other mortgages, to foreclose its mortgage, and to hold Marshel personally liable for the outstanding indebtedness under its loan. In response, Merrill Lynch commenced its own mortgage foreclosure action (action No. 2), seeking a determination that its mortgage was superior in priority to WaMu's mortgage, and to foreclose its mortgage.

Lengthy motion practice ensued, during which the parties moved for summary judgment on their respective claims. In various papers appealed from, the Supreme Court determined, among other things, that WaMu's mortgage was subordinate to the mortgages held by A & N and Merrill Lynch, respectively. The court also determined that Marshel was personally liable to WaMu for the outstanding indebtedness under its note. These appeals ensued, and we uphold the Supreme Court's determinations.

On their respective motions for summary judgment, A & N and Merrill Lynch demonstrated their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), by establishing that their mortgages were valid, and moreover, superior in priority to WaMu's mortgage. Under New York's Recording Act (Real Property Law § 291), a mortgage loses its priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage (*see Household Fin. Realty Corp. of N.Y. v Emanuel*, 2 AD3d 192 [2003]). Here, A & N and Merrill Lynch provided evidence establishing that they gave valuable consider-

ation for their recorded mortgages, and that they did not have actual knowledge of WaMu's unrecorded mortgage, or knowledge of facts that would have put them on "inquiry notice" of that mortgage (*see* Real Property Law § 291; *cf. Fleet Mtge. Corp. v Nieves*, 272 AD2d 435 [2000]; *see also Fidelity & Deposit Co. of Md. v Queens County Trust Co.*, 226 NY 225, 232-233 [1919]). Indeed, A & N and Merrill Lynch showed, among other things, that in making their loans to Peak, and acquiring their mortgages on the premises, they each obtained title searches that indicated that Peak owned the premises, and contained no indication that the premises were encumbered by WaMu's mortgage. A & N and Merrill Lynch also showed that they obtained a "shareholders' consent" to the transactions from certain people who represented that they constituted all of Peak's shareholders. Finally, Merrill Lynch showed that it requested and received certain financial statements and income tax returns, which contained nothing that might have alerted it to the existence of WaMu's mortgage. Since, in response, WaMu and Marshel failed to raise a triable issue of fact, the Supreme Court correctly granted A & N's and Merrill Lynch's motions for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

On its motion for summary judgment on the issue of liability on its causes of action seeking to hold Marshel liable for the outstanding indebtedness under its note, WaMu demonstrated its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324), by establishing that there had been an "event of default," and that Marshal could be held personally liable for the amounts due under the note (*see Famolaro v Crest Offset, Inc.*, 24 AD3d 604, 604-605 [2005]). Since, in response, Marshel failed to raise "a triable issue of fact with respect to a bona fide defense" (*Famolaro v Crest Offset, Inc.*, 24 AD3d at 605), the Supreme Court correctly granted WaMu's motion.

The parties' remaining contentions are without merit. Ritter, J.P., Miller, Covello and McCarthy, JJ., concur.