LEND-MOR MORTGAGE BANKERS CORP., Respondent, v EDWARD NICHOLAS et al., Defendants, and AMERIQUEST MORTGAGE COMPANY, Appellant. [893 NYS2d 566]—

"Under New York's Recording Act (Real Property Law § 291), a mortgage loses its priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage" (*Washington Mut. Bank, FA v Peak Health Club, Inc.,* 48 AD3d 793, 797 [2008]). Here, at the time

the plaintiff, Lend-Mor Mortgage Bankers Corp. (hereinafter Lend-Mor), received a mortgage on the subject property for the sum of $244,000, a prior mortgage in favor of the defendant Ameriquest Mortgage Company (hereinafter Ameriquest) was unrecorded and did not appear in the chain of title. On its motion for summary judgment, Lend-Mor demonstrated its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by establishing that its mortgage was valid and superior in priority to Ameriquest's mortgage. Lend-Mor provided evidence establishing that it gave valuable consideration for its recorded mortgage, and that it did not have actual knowledge of Ameriquest's unrecorded mortgage or knowledge of facts that would have put it on "inquiry notice" of that mortgage (*see* Real Property Law § 291; *Washington Mut. Bank, FA v Peak Health Club, Inc.*, 48 AD3d at 797). Lend-Mor obtained a title search which did not contain any indication that the subject property was encumbered by the Ameriquest mortgage. To the contrary, both the mortgage application and a credit report indicated that the Ameriquest mortgage at issue encumbered a different property. Since, in opposition, Ameriquest failed to raise a triable issue of fact, the Supreme Court correctly granted that branch of Lend-Mor's motion which was for summary judgment declaring that the mortgage held by it was superior in priority to the mortgage held by Ameriquest (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Moreover, the court properly denied that branch of Ameriquest's cross motion which was for summary judgment declaring, inter alia, that the mortgage held by it was superior in priority to the mortgage held by Lend-Mor.

We do not reach Ameriquest's contention concerning that branch of its cross motion which was to compel Lend-Mor to respond to certain discovery demands. That branch of the cross motion was not addressed by the Supreme Court in the order appealed from and remains pending and undecided (*see Mobarak v Mowad*, 55 AD3d 693, 694 [2008]; *Magriples v Tekelch*, 53 AD3d 532 [2008]; *Moncrief v DiChiaro*, 52 AD3d 789, 790 [2008]; *Katz v Katz*, 68 AD2d 536, 543 [1979]). Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.