■ 2 Lisa Court Corp., as Assignee of J.T.D. Enterprises of Long Island, Inc., Appellant, v Edward Licalzi et al., Defendants, and Bayview Loan Servicing, LLC, Respondent. [933 NYS2d 50]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"Under New York's Recording Act (Real Property Law § 291), a mortgage loses its priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage" (*Washington Mut. Bank, FA v Peak Health Club, Inc.*, 48 AD3d 793, 797 [2008]; *see Lend-Mor Mtge. Bankers Corp. v Nicholas*, 69 AD3d 680 [2010]; *see also* 1-1 Bergman on New York Mortgage Foreclosures § 1.21). Here, the defendant Bayview Loan Servicing, LLC (hereinafter Bayview), demonstrated its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) by showing that the mortgage it now holds is superior in priority to the mortgage the plaintiff now holds. Bayview's evidentiary submissions established that the mortgage it holds was executed prior to the execution of the mortgage held by the plaintiff's assignor, J.T.D. Enterprises of Long Island, Inc. (hereinafter JTD), and that JTD had actual knowledge of its existence because JTD's president was present at the loan closing. Thus, the mortgage held by JTD could not take priority over Bayview's mortgage, even though JTD recorded first. Further, since the assignee never stands in any better position than his or her assignor (*see Matter of International Ribbon Mills [Arjan Ribbons]*, 36 NY2d 121, 126 [1975]; *TPZ Corp. v Dabbs*, 25 AD3d 787, 789 [2006]), JTD's assignee, the plaintiff, cannot take priority over Bayview's mortgage.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted Bayview's motion for summary judgment dismissing the complaint insofar as

asserted against it and, in effect, for summary judgment on its counterclaim declaring that its mortgage is superior in priority to the mortgage held by the plaintiff. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.