■ LIBERTYPOINTE BANK, Appellant, v 7 WATERFRONT PROPERTY, LLC, et al., Defendants, and YEHUDA LEIB PURETZ et al., Respondents. [942 NYS2d 610]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), entered January 6, 2011, as, in effect, denied those branches of its motion which were for summary judgment on the issue of liability on the complaint insofar as asserted against the defendants Yehuda Leib Puretz and Bridgeport Towers, LLC, and to strike the affirmative defenses of those defendants, and granted that branch of the cross motion of those defendants which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the complaint insofar as asserted against the defendants Yehuda Leib Puretz and Bridgeport Towers, LLC, and to strike the affirmative defenses of those defendants are granted, and that branch of the cross motion of those defendants which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them is denied.

The plaintiff bank commenced this action to foreclose a commercial mortgage and note executed by the mortgagor, the defendant 7 Waterfront Property, LLC, and for a deficiency judgment upon the separate guarantees executed by the defendants Yehuda Leib Puretz and Bridgeport Towers, LLC (hereinafter Bridgeport, and together, the defendants). Prior to the motions at issue here, the plaintiff successfully moved for summary judgment against the mortgagor, and the court appointed a referee to report. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and to strike their affirmative defenses, and the defendants cross-moved pursuant to CPLR 3211 (a) (1), (3) and (7) to dismiss the complaint insofar as asserted against them. The Supreme Court, in effect, denied those branches of the plaintiff's motion and granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them on the ground that the complaint contains no allegation of default on the guarantees.

Contrary to the Supreme Court's determination, the complaint adequately alleges a cause of action against the defendants for a deficiency judgment as incidental to the principal relief demanded against the mortgagor (see Dudley v Congregation of Third Order of St. Francis, 138 NY 451, 458 [1893]; Aurora Loan Servs., LLC v Lopa, 88 AD3d 929, 930 [2011]; cf. Barclays Bank of N.Y. v Strathmore Five Realty Co., 245 AD2d 406, 406-407 [1997]). Accordingly, the Supreme Court should have denied that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

The plaintiff established its prima facie entitlement to judgment as a matter of law on the issue of the defendants' liability for a deficiency judgment and to strike the defendants' affirmative defenses by submitting evidence, inter alia, that they executed separate guarantees as additional collateral for the mortgage note and that the mortgagor defaulted on the note (see Pollina v Blatt, 262 AD2d 384 [1999]). In opposition, the defendants failed to raise a triable issue of fact (id.; see European Am. Bank v Syosset Autorama, 204 AD2d 266 [1994]). Thus, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and to strike the defendants' affirmative defenses.

The plaintiff contends that nonparty VNB New York Corp. is the real plaintiff in interest as assignee of the mortgage docu-

ments and guarantees and should have been substituted for the plaintiff herein pursuant to CPLR 1018. However, as the plaintiff correctly concedes, that branch of the plaintiff's motion was not addressed or decided by the Supreme Court, and it remains pending and undecided (*see Matter of Jones*, 47 AD3d 931, 934 [2008]; *Katz v Katz*, 68 AD2d 536, 543 [1979]).

In light of our determination, we need not reach the plaintiff's remaining contention. Angiolillo, J.P., Dickerson, Belen and Hall, JJ., concur. **[Prior Case History: 30 Misc 3d 1206(A), 2010 NY Slip Op 52308(U).]**