In an action, inter alia, to foreclose a mortgage and for a judgment declaring that a certain mortgage is a first lien against the subject property, the defendants Shafer Zysman and Hal Mevorah appeal from an order of the Supreme Court, Queens County (McDonald, J.), entered May 21, 2012, which denied their motion for summary judgment (a) dismissing the amended complaint insofar as asserted against them, (b) declaring that they have a first lien on a parcel of real property owned by the defendant Maria Savinetti located in Queens County and designated on the tax map of the City of New York as block 14173, lot 56, and (c) on their second cross claim against the defendant Maria Savinetti to recover on a mortgage note.
Ordered that the order is affirmed, with one bill of costs.
In 2005, the defendant Maria Savinetti, the owner of the subject property, designated block 14173, lots 56 and 57, obtained a mortgage loan from Argent Mortgage Company, LLC, the plaintiffs assignor, which was recorded on June 27, 2005. The mortgage documents indicated that the mortgage only encumbered lot 57. In May 2006, Savinetti obtained a $300,000 loan from the defendants Shafer Zysman and Hal Mevorah (hereinafter together the moving defendants), secured by a mortgage on the subject property encumbering lots 56 and 57. That mortgage was recorded on June 20, 2006. In October 2007, the plaintiff commenced this action to foreclose its mortgage, *766 and in its amended complaint, inter alla, sought to reform the mortgage to encumber both lot 56 and lot 57 on the ground of mutual mistake and to declare its mortgage superior as to both lots. The moving defendants moved for summary judgment (a) dismissing the amended complaint insofar as asserted against them, (b) declaring that they have a first lien on lot 56, and (c) on their second cross claim against Savinetti to recover on their mortgage note.
The Supreme Court properly denied that branch of the moving defendants’ motion which was for summary judgment on their second cross claim against Savinetti to recover on their mortgage note. The moving defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence of the existence of the note, executed by Savinetti, and proof of her default (see New York Commercial Bank v J. Realty F Rockaway, Ltd., 108 AD3d 756 [2013]; European Am. Bank v Syosset Autorama, 204 AD2d 266 [1994]). In opposition, however, Savinetti raised a triable issue of fact as to whether the moving defendants’ loan to her constituted a high-cost home loan within the meaning of Banking Law § 6-1 (1) (g), and whether the loan conformed to the statutory requirements of such a loan (see Banking Law § 6-1 [2] [b], [k], [1] [i], [ii]; [2-a] [a]).
The Supreme Court also properly denied those branches of the moving defendants’ motion which were for summary judgment dismissing the amended complaint insofar as asserted against them, and declaring that they have a first lien on that portion of Savinetti’s property designated as block 14173, lot 56. “Under New York’s Recording Act (Real Property Law § 291), a mortgage loses its priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage” (Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d 793, 797 [2008]; see 2 Lisa Ct. Corp. v Licalzi, 89 AD3d 721, 722 [2011]; Lend-Mor Mtge. Bankers Corp. v Nicholas, 69 AD3d 680 [2010]). “[A] mortgagee is under a duty to make an inquiry where it is aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue” (Mortgage Elec. Registration Sys., Inc. v Rambaran, 97 AD3d 802, 804 [2012] [internal quotation marks omitted]). Here, the moving defendants demonstrated, prima facie, that they have a first lien with respect to lot 56 by submitting evidence that they were good faith lenders for value protected by Real Property Law § 291 (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 *767 [1986]). However, in opposition, the plaintiff’s submissions, including a title report obtained by the moving defendants in connection with their mortgage loan to Savinetti, raised a triable issue of fact as to whether the moving defendants had a duty to inquire about whether the mortgage previously entered into between the plaintiffs assignor and Savinetti was intended to encumber the entirety of Savinetti’s property, not merely that portion designated as block 14173, lot 57 (see Real Property Law § 291; Booth v Ameriquest Mtge. Co., 63 AD3d 769, 769 [2009]; see also 89 Pine Hollow Rd. Realty Corp. v American Tax Fund, 96 AD3d 995, 998 [2012]).
Savinetti’s and the plaintiff’s remaining contentions are either without merit or not properly before this Court. Rivera, J.P, Lott, Roman and Cohen, JJ., concur.