JP Morgan Chase Bank, NA v Levin (2018 NY Slip Op 03517)





JP Morgan Chase Bank, NA v Levin


2018 NY Slip Op 03517


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-07941
 (Index No. 337/10)

[*1]JP Morgan Chase Bank, NA, plaintiff, 
v
Ofra Levin, appellant, Wells Fargo Bank, NA, etc., respondent, et al., defendants.


Ofra Levin, North Woodmere, NY, appellant pro se.
Donohue, McGahan, Catalano & Belitsis, Jericho, NY (Erik H. Rosanes of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ofra Levin appeals from a judgment of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 24, 2015. The judgment, insofar as appealed from, upon an order of the same court dated March 12, 2015, as amended April 21, 2015, inter alia, granting the cross motion of the defendant Wells Fargo Bank, NA, for summary judgment on its combined fourth affirmative defense, first counterclaim, and first cross claim, declared that the defendant Wells Fargo Bank, NA, as holder of a certain mortgage dated August 14, 2006, in the principal amount of $380,000, has a valid and subsisting first priority mortgage lien against the subject property.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In 2010, the plaintiff, JP Morgan Chase Bank, NA (hereinafter JPMorgan), commenced this action to foreclose a mortgage given by the defendant Ofra Levin in February 2006, securing a home equity line of credit in the sum of $200,000. Levin, appearing pro se, answered the complaint. Thereafter, the defendant Wells Fargo Bank, NA (hereinafter Wells Fargo), interposed an amended answer to the complaint. Wells Fargo asserted a combined fourth affirmative defense, first counterclaim, and first cross claim (hereinafter collectively claim) pursuant to RPAPL article 15 to compel the determination of claims to real property, alleging that the mortgage it held in the sum of $380,000, given by Levin in August 2006, was a superior first mortgage lien, as evidenced by a subordination agreement it entered into with JPMorgan in August 2006, which agreement was never recorded.
After JPMorgan and Wells Fargo executed a stipulation of settlement, Levin moved pursuant to CPLR 3025(b) for leave to serve an amended answer to the complaint and Wells Fargo's claim. JPMorgan cross-moved pursuant to CPLR 3217(b) to discontinue the action without prejudice and to cancel the notice of pendency, and Wells Fargo cross-moved for summary judgment on its claim. In an order dated March 12, 2015, as amended April 21, 2015, the Supreme Court denied Levin's motion and granted the cross motions. Thereafter, the court issued a judgment, inter alia, declaring Wells Fargo's mortgage to be a valid and subsisting first priority mortgage lien against the subject property. Levin appeals.
In support of its cross motion, Wells Fargo demonstrated its prima facie entitlement to judgment as a matter of law on its claim (see CPLR 3001, 3017[b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324) by establishing that its mortgage was valid and superior in priority to JPMorgan's mortgage (see Lend-Mor Mtge. Bankers Corp. v Nicholas, 69 AD3d 680, 681; Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d 793, 797).
In opposition to Wells Fargo's prima facie showing, Levin failed to raise a triable issue of fact (see Lend-Mor Mtge. Bankers Corp. v Nicholas, 69 AD3d at 681; Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d at 798). Levin does not dispute the validity of Wells Fargo's mortgage, and as a nonparty to the subordination agreement and the stipulation of settlement, she lacks standing to challenge the terms thereof (see VAC Serv. Corp. v Technology Ins. Co., Inc., 49 AD3d 524, 525). Further, to the extent that Levin challenges Wells Fargo's standing to commence an action to foreclose its mortgage, that contention is misplaced, as Wells Fargo's claim is not one to foreclose a mortgage, and standing is not an issue herein (see Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 884; Jahan v U.S. Bank N.A., 127 AD3d 926, 927).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court