Bank of N.Y. Mellon v Buckowitz (2018 NY Slip Op 05814)





Bank of N.Y. Mellon v Buckowitz


2018 NY Slip Op 05814


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2015-11888
 (Index No. 8821/12)

[*1]Bank of New York Mellon, etc., respondent,
v
Thomas Buckowitz, etc., appellant, et al., defendants.


Mielo & Stasko, LLP, Huntington, NY (Patrick S. Mielo and Paul A. Stasko of counsel), for appellant.
Druckman Law Group PLLC, Westbury, NY (Lisa M. Browne and Christopher Kohn of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Thomas Buckowitz appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 15, 2015. The order, insofar as appealed from, (1) granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Thomas Buckowitz, as Executor of the Estate of Stanley Buckowitz, also known as Stanley A. Buckowitz, (2) in effect, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Thomas Buckowitz, individually, (3) denied that branch of the cross motion of the defendant Thomas Buckowitz which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him individually and as Executor of the Estate of Stanley Buckowitz, also known as Stanley A. Buckowitz, (4) denied that branch of the cross motion of the defendant Thomas Buckowitz which was for summary judgment dismissing the complaint insofar as asserted against him in his capacity as the Executor of the Estate of Stanley Buckowitz, also known as Stanley A. Buckowitz, and, (5) in effect, granted that branch of the cross motion of the defendant Thomas Buckowitz which was for summary judgment dismissing the complaint insofar as asserted against him individually.
ORDERED that the appeal from so much of the order as, in effect, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Thomas Buckowitz, individually, and, in effect, granted that branch of the cross motion of the defendant Thomas Buckowitz which was for summary judgment dismissing the complaint insofar as asserted against him individually is dismissed, as the defendant Thomas Buckowitz is not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In July 2004, the decedent, Stanley Buckowitz (hereinafter the decedent), executed [*2]a note secured by a mortgage encumbering certain real property (hereinafter the subject property). The decedent died in October 2008, and the defendant Thomas Buckowitz (hereinafter Thomas) was appointed as executor of the decedent's estate in December 2009. By deed dated January 14, 2010, Thomas, as executor of the decedent's estate, transferred title to the subject property to himself, individually. Subsequently, commencing January 1, 2011, the mortgage payment related to the subject property then due was not paid nor were any mortgage payments made that were owed thereafter.
On July 12, 2012, the plaintiff commenced this action to foreclose the mortgage against, among others, Thomas, individually and as the executor of the decedent's estate. In November 2014, the plaintiff moved, among other things, for summary judgment on the complaint. Thomas cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint, insofar as asserted against him, individually and as executor of the decedent's estate. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Thomas, as executor of the decedent's estate, in effect, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Thomas, individually, denied that branch of Thomas's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him as the executor of the decedent's estate, and, in effect, granted that branch of Thomas's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him individually. Thomas appeals.
Thomas's appeal from so much of the order as, in effect, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against him individually, and, in effect, granted that branch of his cross motion which was for summary judgment dismissing the complaint insofar as asserted against him individually, should be dismissed, because Thomas is not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144).
We agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Thomas, as executor of the decedent's estate, and denying those branches of Thomas's cross motion which were pursuant to CPLR 3211(a)(7) to dismiss the complaint or for summary judgment dismissing the complaint insofar as asserted against him as the executor of the decedent's estate. "To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default'" (Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 899, quoting Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895, 895). "The burden then shifts to the defendant to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff" (Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d at 895 [internal quotation marks omitted]).
The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of default (see CitiMortgage, Inc. v Guillermo, 143 AD3d 852, 853; Schwyter v Denoble, 142 AD3d 699, 699). In opposition, Thomas, as executor of the decedent's estate, failed to raise a triable issue of fact as to a bona fide defense to this action (see Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d at 895). "Since a party may not commence a legal action or proceeding against a dead person, . . . [a] plaintiff [is] instead required to commence an action against the personal representative of the decedent's estate" (US Bank N.A. v Cadeumag, 147 AD3d 881, 881). "In most instances a personal representative appointed by the Surrogate's Court should be substituted in the action to represent the decedent's estate" (U.S. Bank N.A. v Esses, 132 AD3d 847, 848 [internal quotation marks omitted]). A mortgage foreclosure action may be maintained against the executor of the estate of the deceased mortgagor so that the plaintiff can obtain a deficiency judgment to be paid out of the estate (see Matter of Glacius v Fogel, 88 NY 434, 440; Anderson Credit & Leasing Corp. v McEvoy, 236 AD2d 569, 570; see also RPAPL 1312[2]). Thus, the fact that the decedent, as opposed to Thomas in his capacity as the executor of the decedent's estate, executed the subject loan documents and that the allegations of the complaint [*3]reflect this, does not raise a triable issue of fact as to a bona fide defense to this action insofar as it is asserted against Thomas in his capacity as the executor of the decedent's estate (see Anderson Credit & Leasing Corp. v McEvoy, 236 AD2d at 570).
AUSTIN, J.P., SGROI, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court