Deutsche Bank Natl. Trust Co. v Rose (2021 NY Slip Op 04907)





Deutsche Bank Natl. Trust Co. v Rose


2021 NY Slip Op 04907


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-13043
2018-01982
 (Index No. 11055/12)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Albert P. Rose, et al., defendants, J & J Realty Associates, respondent.


Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Sarah J. Greenberg of counsel), for appellant.
Solomon & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 19, 2017, and (2) an order and interlocutory judgment (one paper) of the same court dated November 16, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant J & J Realty Associates which were for summary judgment dismissing the amended complaint insofar as asserted against it and on its first counterclaim for a judgment declaring that the plaintiff's alleged mortgage on the subject property, if reinstated as a lien on the subject property, is subject and subordinate to a mortgage on the subject property given to the defendant J & J Realty Associates. The order and interlocutory judgment, insofar as appealed from, granted the same relief and declared that the plaintiff's alleged mortgage, if reinstated as a lien on the subject property, is subject and subordinate to the mortgage on the subject property given to the defendant J & J Realty Associates.
ORDERED that the appeal from the order is dismissed, as the portions of that order appealed from were superseded by the order and interlocutory judgment; and it is further,
ORDERED that the order and interlocutory judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant J & J Realty Associates.
On June 7, 2005, Gertrude Lawson executed a note in the sum of $422,400 in favor of Aames Funding Corporation (hereinafter Aames), which was secured by a mortgage on residential property in Brooklyn (hereinafter the property). The mortgage was recorded on August 25, 2005. By quitclaim deed dated December 4, 2008, Lawson conveyed the property to Albert P. Rose. The deed was recorded on January 6, 2010. Lawson allegedly defaulted on her obligations under the note by failing to make the monthly payments due on June 1, 2009, and thereafter.
By assignment of mortgage dated December 10, 2009, Aames assigned the mortgage to the plaintiff, Deutsche Bank National Trust Company. The assignment was recorded on April 1, [*2]2010. On January 7, 2010, the plaintiff commenced an action against Lawson to foreclose the mortgage (hereinafter the 2010 action). By deed dated February 3, 2012, Rose conveyed the property to Dolphy's Enterprise, LLC (hereinafter Dolphy's).
In May 2012, the plaintiff commenced the instant action against Rose, among others, to foreclose the mortgage. On May 25, 2012, the plaintiff filed a notice of pendency against the property. By order dated July 9, 2012, the Supreme Court directed dismissal of the complaint in the 2010 action.
On September 26, 2013, a satisfaction of mortgage dated March 24, 2009, acknowledging full payment and satisfaction of the mortgage, was recorded in the Office of the City Register. That document stated that the "mortgage/lender" was "Deutsche National Bank Trust Co.\Aames Home Loan" and the mortgage dated June 7, 2005 and recorded August 25, 2005, was assigned to the "mortgagee/lender" on July 14, 2006, in an assignment which was to be "recorded concurrently herewith." Thereafter, the notice of pendency in the instant mortgage foreclosure action commenced in May 2012 expired by operation of law in May 2015 (see CPLR 6513).
On July 14, 2015, Dolphy's executed a note in the sum of $250,000 in favor of J & J Realty Associates (hereinafter J & J). The note was secured by a mortgage on the property (hereinafter the J & J mortgage), which was recorded on July 30, 2015.
By order dated July 13, 2016, the Supreme Court determined that the plaintiff had unreasonably neglected to prosecute the instant action and directed that if the plaintiff did not either file a motion for entry of judgment or a note of issue within 90 days, the action would be dismissed. On October 13, 2016, the plaintiff filed a notice of pendency renewal against the property.
Also in October 2016, the plaintiff moved, inter alia, for leave to amend the summons and complaint to add an additional cause of action to vacate the satisfaction of mortgage and to add Dolphy's and J & J as defendants. By order dated February 15, 2017, the Supreme Court granted the motion. Thereafter, on March 13, 2017, the plaintiff served a supplemental summons and amended complaint, which added Dolphy's and J & J as defendants and added a second cause of action to expunge, cancel, and discharge the satisfaction of mortgage and to reinstate its mortgage. The plaintiff alleged that the satisfaction was "recorded in error" and that its mortgage was still "due and owing."
J & J interposed an answer which alleged, inter alia, that it relied on the recorded satisfaction of the plaintiff's alleged mortgage in making its loan to Dolphy's, which was secured by the J & J mortgage, and that, therefore, the J & J mortgage was superior to the plaintiff's alleged mortgage. J & J alleged that it was a good faith encumbrancer for value without knowledge or notice that the satisfaction had been issued and recorded in error. In a first counterclaim, J & J alleged that, if the recorded satisfaction of the plaintiff's alleged mortgage was expunged and the plaintiff's alleged mortgage reinstated, then J & J was entitled to a judgment declaring that the plaintiff's alleged mortgage was subject and subordinate to J & J's mortgage as a lien on the property.
In June 2017, J & J moved for summary judgment dismissing the amended complaint insofar as asserted against it and on its first counterclaim. The plaintiff opposed the motion. In an order dated October 19, 2017, the Supreme Court granted J & J's motion. In an order and interlocutory judgment dated November 16, 2017, the court, inter alia, granted the same relief and declared that the plaintiff's alleged mortgage, if reinstated as a lien on the property, was subject and subordinate to the J & J mortgage. The plaintiff appeals.
"Under New York's Recording Act (Real Property Law § 291), a mortgage loses its priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage" (Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d 793, 797; see Wells Fargo, N.A. v Savinetti, 116 AD3d 765, 766; Lend-Mor Mtge. Bankers Corp. v Nicholas, 69 AD3d 680, 680). "A mortgagee is under a duty to make an inquiry where it is aware of facts that would lead a reasonable, [*3]prudent lender to make inquiries of the circumstances of the transaction at issue" (Wells Fargo, N.A. v Savinetti, 116 AD3d at 766 [internal quotation marks omitted]).
Here, J & J demonstrated, prima facie, that its mortgage was valid and was superior in priority to the plaintiff's alleged mortgage (see Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d at 797). J & J provided evidence establishing that it gave valuable consideration for its recorded mortgage, and that it did not have actual knowledge of the plaintiff's alleged mortgage or knowledge of facts that would have put it on "inquiry notice" of that mortgage (see Lend-Mor Mtge. Bankers Corp. v Nicholas, 69 AD3d at 681; Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d at 797-798).
In opposition, the plaintiff alleged fraud, which is refuted by its allegation in the amended complaint that the satisfaction of the mortgage was recorded in error. The plaintiff failed to submit an affirmation or affidavit from anyone with personal knowledge of the facts. Rather, the plaintiff noted that its full name was not included in the satisfaction of the mortgage, and the date of the assignment to it—July 14, 2006—was incorrect. The errors in the satisfaction of the mortgage were insufficient to raise a triable issue of fact as to whether J & J failed to use due diligence in examining the title (see Congregation Beth Medrosh of Monsey, Inc. v Rolling Acres Chestnut Ridge, LLC, 101 AD3d 797, 799; Fairmont Funding v Stefansky, 301 AD2d 562, 564; see also Andy Assoc. Inc. v Bankers Trust Co., 49 NY2d 13, 22; Baron Assoc. v Latorre, 74 AD3d 714, 716).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court