WMC Mtge. Corp. v Vandermulen (2022 NY Slip Op 02451)

WMC Mtge. Corp. v Vandermulen

2022 NY Slip Op 02451

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.

2019-06996
 (Index No. 371/05)

[*1]WMC Mortgage Corp., respondent, 
v
Hendrika Vandermulen, et al., defendants, Bank of New York Mellon Trust Company, N.A., etc., appellant.

Nelson Mullins Riley & Scarborough LLP, New York, NY (Alan F. Kaufman and Lisa A. Herbert of counsel), for appellant.
Cuddy & Feder LLP, White Plains, NY (Joshua E. Kimerling and Troy D. Lipp of counsel), for respondent.
Patricia Ann Weiss, Sag Harbor, NY, for defendants Donald MacPherson and Carrie MacPherson.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Bank of New York Mellon Trust Company, N.A., appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated March 20, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to foreclose a mortgage insofar as asserted against the defendant Bank of New York Mellon Trust Company, N.A., and denied that defendant's cross motion for summary judgment dismissing the fourth amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This is an action, inter alia, to foreclose a mortgage held by the plaintiff on property located in Southampton. The mortgage secured a loan made on September 28, 2000, by the plaintiff to the defendant Hendrika Vandermulen in the principal amount of $383,000. The purpose of the loan was to finance Vandermulen's purchase of the property from the defendants Donald MacPherson and Carrie MacPherson (hereinafter together the MacPhersons). It is undisputed that neither the mortgage given to the plaintiff nor the Vandermulen deed were recorded at the time of the September 28, 2000 transaction. Vandermulen failed to make any monthly payments of principal and interest under the note, and the plaintiff commenced this action, inter alia, to foreclose its mortgage on the property.
In the fourth amended complaint, the plaintiff alleged that any interest held by the defendant Bank of New York Mellon Trust Company, N.A. (hereinafter BNY Mellon), in the property was subject and subordinate to the plaintiff's mortgage. The plaintiff alleged that in May 2003, BNY Mellon's predecessor in interest, the defendant Homecomings Financial Network, Inc. (hereinafter Homecomings), obtained a mortgage on the property to secure a loan in the principal amount of $337,500 to the defendant John Eugene Sheehan, as attorney-in-fact for his father Eugene [*2]John Sheehan. It is undisputed that the plaintiff's mortgage was not recorded when Homecomings recorded its mortgage in July 2003. By assignment of mortgage dated September 11, 2007, the mortgage obtained by Homecomings was assigned to BNY Mellon.
The plaintiff moved, inter alia, for summary judgment on the cause of action to foreclose its mortgage insofar as asserted against BNY Mellon. BNY Mellon opposed the motion and cross-moved for summary judgment dismissing the fourth amended complaint insofar as asserted against it. In an order dated March 20, 2019, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to foreclose its mortgage insofar as asserted against BNY Mellon and denied BNY Mellon's cross motion. The court determined that the mortgage held by the plaintiff was superior in priority to the mortgage held by BNY Mellon, as Homecomings, BNY Mellon's predecessor in interest, was not a good-faith lender for value. BNY Mellon appeals.
"Under New York's Recording Act (Real Property Law § 291), a mortgage loses its priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage" (Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d 793, 797; see Wells Fargo, N.A. v Savinetti, 116 AD3d 765, 766; Lend-Mor Mtge. Bankers Corp. v Nicholas, 69 AD3d 680, 680). "A mortgagee is under a duty to make an inquiry where it is aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue" (Wells Fargo, N.A. v Savinetti, 116 AD3d at 766 [alterations and internal quotation marks omitted]). Moreover, an assignee "stands in the shoes of the assignor and takes the assignment subject to any preexisting liabilities" (PennyMac Corp. v Dean-Phillips, 189 AD3d 1603, 1604 [internal quotation marks omitted]).
Here, the title report provided to Homecomings prior to the issuance of its mortgage alerted that "[d]evolution of title from Carrie Mac Pherson . . . to Hendrika Vandermeulen [the plaintiff's borrower] . . . must be obtained and considered and any questions arising therefrom must be satisfactorily disposed of." In support of its cross motion and in opposition to the plaintiff's motion, BNY Mellon failed to submit evidence that any inquiry was made into the circumstances of the MacPherson-to-Vandermulen transaction. Under these circumstances, the record supports the Supreme Court's determination that Homecomings, BNY Mellon's predecessor in interest, was not a good-faith lender for value, as Homecomings possessed facts that would have lead a reasonable, prudent lender to make inquiries of the circumstances of the MacPherson-to-Vandermulen transaction (see Wells Fargo, N.A. v Savinetti, 116 AD3d at 766).
Additionally, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). In opposition, BNY Mellon failed to raise a triable issue of fact as to whether Vandermulen defaulted on the plaintiff's note. Moreover, for the reasons stated above, BNY Mellon failed to raise a triable issue of fact as to whether it was a bona fide encumbrancer for value such that the plaintiff's mortgage lost its priority (see Lend-Mor Mtge. Bankers Corp. v Nicholas, 69 AD3d at 681).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to foreclose its mortgage insofar as asserted against BNY Mellon and denied BNY Mellon's cross motion for summary judgment dismissing the fourth amended complaint insofar as asserted against it.
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court