■ VICTORIA WOODS HOMEOWNERS ASSOCIATION, INC., Appellant, v CAROLYN GONYO et al., Respondents. [596 NYS2d 259] — Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied plaintiff's motion for summary judgment. Defendant Carolyn Gonyo is the owner of certain real property located in the Town of Victor. After a prior owner, Roger Madison, defaulted in making mortgage payments, Goldome Realty Credit Corp. (Goldome), the mortgagee, recorded a lis pendens on April 29, 1987 and thereafter acquired title by foreclosure on July 17, 1989. Gonyo purchased the property from the United States Department of Housing and Urban Development, which had purchased the property from Goldome.

In this action, plaintiff seeks to foreclose on liens for common charges that Madison had not paid while still in title. The record establishes that three of the common charge liens upon which plaintiff seeks to foreclose were recorded on August 24, 1987, February 29, 1988 and October 18, 1988, after the April 1987 lis pendens was recorded. Plaintiff's interest was extinguished by the July 1989 foreclosure sale and it may not, therefore, foreclose on its common charge liens (see, Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400, 404; see also, CPLR 6501; RPAPL 1353 [3]; Westchester Fed. Sav. & Loan Assn. v H.E.W. Constr. Corp., 29 AD2d 670, lv denied 21 NY2d 646; Kindberg v Freeman, 39 Hun 466, affd 109 NY 653; 5 Tiffany, Real Property § 1534 [3d ed]; 2A Warren's Weed, New York Real Property, Foreclosure of Mortgage, § 8.02 [4th ed]). With respect to a fourth common charge lien, dated December 19, 1989, plaintiff has failed to establish that it was recorded or that the lien represents an

interest that accrued after the July 1989 foreclosure sale. (Appeal from Order of Supreme Court, Ontario County, Curran, J.—Summary Judgment.) Present—Callahan, J. P., Green, Fallon, Boomer and Boehm, JJ.