■ BOARD OF MANAGERS OF THE PARKCHESTER NORTH CONDOMINIUM, on Behalf of the Unit Owners, Respondent, v DONALD RICHARDSON et al., Defendants, and CITIBANK, N. A., Appellant. [656 NYS2d 269] —Order of the Supreme Court, Bronx County (George Friedman, J.), entered March 12, 1996, which denied defendant-appellant's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, with costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant Citibank, N. A., dismissing the complaint.

This appeal involves the relative priority of a first mortgage on the subject cooperative apartment and a lien for common charges filed by plaintiff Board of Managers. Resolution of this question rests upon the meaning of the term "first mortgage of record" (Real Property Law § 339-z [ii]) and the legal effect to be given to circumstances suggesting that notice of the prior mortgage was afforded to plaintiff.

This controversy arises out of the foreclosure of a mortgage held by defendant-appellant Citibank, N. A., from Donald Richardson in the amount of $60,750. The pertinent interests in the premises are disclosed in a title search, certified to plaintiff's counsel on March 10, 1995. In chronological order, it lists, among other items: (1) a mortgage "by Luletha Clarke to Parkchester Apts. Co. to secure the sum of $23,028.00, dated 2/3/84, recorded 3/9/84 * * * Note: The above mortgage is against the prior owner but still appears unsatisfied of record." (2) "Mortgage made by Donald Richardson to Citibank, NA to secure the sum of $60,750.00 dated 1-28-87, recorded 2-5-87 in Reel 736 Page 1971". (3) "Notice of lien of unpaid common charges recorded on 6-16-94". (4) "Lis Pendens #50, Filed 1-18-95; Plaintiff: Citibank, N.A.; Defendant: Donald Richardson; Index #6606/95; Nature of Action: To foreclose mortgage recorded in Reel 736 Page 1971."

In dispute is whether the failure by Citibank, upon extending the bank's mortgage loan to Richardson, to record the satisfaction of the Clarke mortgage held by the sponsor, Parkchester Apartments Company, renders the Citibank mortgage less than "a first mortgage of record" (Real Property Law § 339-z [ii]). If so, plaintiff Board of Managers contends, the lien for common charges, recorded before Citibank filed its notice of pendency of the foreclosure action, takes priority under the statute (Real Property Law § 339-aa). Citibank argues that its recorded interest is entitled to the priority granted by the statute to "all sums unpaid on a first mortgage of record" (Real Property Law § 339-z [ii]) because it "indisputably discharges the only other recorded mortgage and which itself is recorded six [sic] years prior to the accrual of any common charges lien."

"Recording" is defined in Real Property Law § 290 (5) as "the entry, at length, upon the pages of the proper record books", whether by writing, printing, photographic process or some combination. There is no dispute that the mortgage to Citibank was "recorded" within the meaning of this provision and that it pre-dates the Board's filing of the lien for common charges by some seven years. Nor can it be disputed that the mortgage to Parkchester Apartments Company, which plaintiff Board seeks to characterize technically as the "first" mortgage, "is against the prior owner", as the title report discloses, and only "appears unsatisfied of record." Plaintiff does not suggest that the prior mortgage went unsatisfied. The record on appeal contains a letter from the sponsor, a "[p]ayoff statement * * * setting forth the unpaid balance of the mortgage, including principal, interest and other charges" (RPAPL 1921 [9] [c])

together with a cashier's check from Citibank in the principal amount due. The check was sent to Parkchester Apartments Company accompanied by a letter dated January 28, 1987 from the Judicial Abstract Corporation, advising that the check is in full payment of the mortgage and requesting that the sponsor provide it with a satisfaction.

Under similar facts, it has been held that the failure to file a satisfaction of mortgage does not render a first mortgage interest subordinate to that of a subsequent creditor (*see, Barclay's Bank v Market St. Mtge. Corp.*, 187 AD2d 141). In the opinion of this Court, the mortgage recorded by defendant Citibank comes within the ambit of the statutory priority accorded to "all sums unpaid on a first mortgage of record" over a lien for unpaid common charges. Plaintiff's contention that Citibank did not become a first mortgagee of record until it filed a satisfaction of the sponsor's mortgage is contrary to the statutory purpose and merely seeks to elevate form over substance. Concur—Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.