■ Fleet Mortgage Corp., Respondent, v Wanda Nieves et al., Defendants, and Round Hill Association, Inc., Appellant. [707 NYS2d 671] —In an action to foreclose a mortgage, the defendant Round Hill Association, Inc., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Dutchess County (LaCava, J.), dated May 18, 1999, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, (2) an order of the same court, also dated May 18, 1999, as granted the plaintiff's motion for summary judgment against it, and (3) an order of the same court, dated November 18, 1999, as, upon reargument, adhered to the prior determination denying its cross motion for summary judgment.

Ordered that the order dated May 18, 1999, granting the plaintiff's motion for summary judgment is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated May 18, 1999, denying the appellant's cross motion for summary judgment is dismissed, as that order was superseded by the order dated November 18, 1999, made upon reargument; and it is further,

Ordered that the order dated November 18, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff, Fleet Mortgage Corp. (hereinafter Fleet), commenced this action to foreclose a mortgage on certain residential property owned by the defendants Wanda Nieves and Carlos Nieves. Fleet sought, *inter alia*, to extinguish any claim of the appellant, Round Hill Association, Inc., a homeowners' association, for common charges and other fees that had accrued on the Nieves' property. After issue was joined and the other defendants defaulted, Fleet moved for summary judgment. Fleet argued, *inter alia*, that its mortgage was superior to the appellant's lien. The appellant cross-moved for summary judgment, arguing, *inter alia*, that its claim for accrued common charges and other fees was superior to Fleet's mortgage. In the orders appealed from, the Supreme Court granted Fleet's motion and denied the appellant's cross motion. We affirm.

The appellant's notice of lien was recorded after the filing of both Fleet's mortgage and the notice of pendency in this action (*see, Goldstein v Gold,* 66 NY2d 624; *Zeidel v Dunne,* 215 AD2d 472; Real Property Law § 291). Since it is not alleged that Fleet otherwise had actual or constructive notice of the appellant's lien, that lien is subordinate to Fleet's mortgage and will be extinguished by the foreclosure sale except to the extent of any surplus (*see, Witter v Taggart,* 78 NY2d 234; *Victoria*

*Woods Homeowners Assn. v Gonyo,* 192 AD2d 1107; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400; RPAPL 1353 [3]; *cf., Bankers Trust Co. v Board of Mgrs.,* 81 NY2d 1033).

The appellant's remaining contentions are without merit. Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur.