■ VALLEY NATIONAL BANK, Respondent, v ERICA PENNA, Also Known as ERICA L. PENNA, et al., Defendants, and BOARD OF MANAGERS OF THE TIMBER RIDGE II ASSOCIATION OF HIGHLAND MILLS, INC., Appellant. [936 NYS2d 688]—

The plaintiff commenced this action to foreclose two mortgages on certain residential real property (hereinafter the property) owned by the defendants Erica Penna, also known as Erica L. Penna, and Joshua Griggs, also known as Joshua C. Griggs. In the complaint, the plaintiff sought, among other things, to extinguish any claim of the defendant Board of Managers of the Timber Ridge II Association of Highland Mills, Inc. (hereinafter Timber Ridge), a homeowners' association, for unpaid assessments with respect to the property. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Timber Ridge, arguing that its first mortgage lien was superior to Timber Ridge's alleged lien for unpaid assessments. In opposition, Timber Ridge contended that its lien for unpaid assessments had priority over the plaintiff's first mortgage lien based on its Declaration of Covenants and Restrictions (hereinafter the Declaration), which had been recorded prior to the plaintiff's first mortgage lien. The Declaration provided for a "continuing lien on the property" for unpaid assessments, the liability for which would "attach to the purchaser of the Living Unit following a mortgage foreclosure sale of any Living Unit." The Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Timber Ridge. Timber Ridge appeals from that portion of the order, and we affirm the order insofar as appealed from.

In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, Timber Ridge failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Contrary to Timber Ridge's contention, the Declaration did not give its alleged lien for unpaid assessments priority over the plaintiff's first mortgage lien. The Declaration did not purport to create an actual lien, but, rather, merely provided for a potential lien for unpaid assessments. Thus, the Declaration did not give actual or constructive notice of a concrete claim, but, rather, only of a potential claim (see Real Property Law § 291; Fleet Mtge. Corp. v Nieves, 272 AD2d 435, 435 [2000]; Victoria Woods Homeowners Assn. v Gonyo, 192 AD2d 1107, 1107 [1993]; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 403-404 [1983]). Accord-

ingly, the Supreme Court properly awarded summary judgment on the complaint insofar as asserted against Timber Ridge. Rivera, J.P., Balkin, Eng and Austin, JJ., concur.