■ ADAM PLOTCH, Appellant, v CITIBANK, N.A., Respondent. [992 NYS2d 114]—

In an action, inter alia, for a judgment declaring that a second mortgage held by the defendant against the subject condominium unit in the amount of $38,000 is subordinate to a subsequently recorded common charge lien and extinguished pursuant to a judgment of foreclosure and sale, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated June 14, 2012, which, inter alia, denied his motion for summary judgment on the complaint and granted that branch of the defendant's cross motion which was for summary judgment declaring that its consolidation agreement is the first mortgage of record against the subject property.

Ordered that the order is affirmed, with costs.

The plaintiff, the winning bidder in a foreclosure action commenced by a condominium board to recover unpaid common charges, purchased the subject condominium unit (hereinafter the premises) in 2010 for the sum of $15,100. The judgment of foreclosure and sale, as well as the terms of the sale, stated that the premises were to be sold subject to "[t]he first Mortgage of record against the premises." It is undisputed that in 2000, the former condominium unit owner gave a mortgage on the premises to the defendant Citibank, N.A. (hereinafter Citibank), in the sum of $54,000 and, in 2001, gave a second mortgage to Citibank in the sum of $38,000 and executed a consolidation agreement consolidating the two mortgages "into a single mortgage lien" in the amount of $92,000. The mortgages and

the agreement were recorded approximately seven years prior to the filing of a common charges lien (*see* Real Property Law § 339-aa).

In 2011, the plaintiff commenced this action seeking a judgment declaring, inter alia, that the second mortgage is subordinate to the common charges lien pursuant to Real Property Law § 339-z.

Contrary to the plaintiff's contention, the Supreme Court correctly denied his motion for summary judgment on the complaint and properly granted that branch of Citibank's cross motion which was for summary judgment declaring that Citibank's consolidation agreement is the first mortgage of record against the premises. Since Real Property Law § 339-z is in derogation of the common-law principle of "first in time, first in right," the statutory right to priority must be narrowly construed (*see Greenpoint Bank v El-Basary*, 184 Misc 2d 888, 891 [Sup Ct, NY County 2000]). Moreover, Citibank's second mortgage comes within the ambit of the statutory priority accorded to all sums unpaid on a first mortgage of record over a lien for unpaid common charges (*see Board of Mgrs. of Parkchester N. Condominium v Richardson*, 238 AD2d 282, 284 [1997]; Real Property Law § 339-z; *Greenpoint Bank v El-Basary*, 184 Misc 2d at 892; *Dime Sav. Bank of N.Y. v Levy*, 161 Misc 2d 480 [Sup Ct, Rockland County 1994]). Thus, the common charges lien does not have priority over the consolidation agreement.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that Citibank's consolidation agreement is the first mortgage of record against the premises (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.