■ ADAM PLOTCH, Appellant, v US BANK NATIONAL ASSOCIATION, Respondent. [13 NYS3d 102]—

In an action, inter alia, for a judgment declaring that a certain mortgage held by the defendant against a certain condominium unit is subordinate to a subsequently recorded common charge lien, the plaintiff appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated March 26, 2013, which, inter alia, granted that branch of the defendant's motion which was for summary judgment declaring its consolidated mortgage in the amount of $166,500 recorded on September 8, 2006, to be the first mortgage lien against the subject condominium unit.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that the defendant's consolidated mortgage in the amount of $166,500 recorded on September 8, 2006, to be the first mortgage lien against the subject condominium unit.

In 2004, the former owner of a condominium unit (hereinaf-

ter the premises) gave a mortgage on the premises to the predecessor in interest of the defendant, US Bank National Association, as Trustee for WFALT 2005-2 (hereinafter US Bank), in the sum of $136,990. In 2005, the former owner of the premises gave a second mortgage to US Bank's predecessor in interest in the sum of $31,313.61 and executed a consolidation agreement, which consolidated the two mortgages into "a single lien in the amount of $166,500." The consolidated note, the consolidated mortgage, and the consolidation agreement were recorded on September 8, 2006. In February 2009, the board of managers of the condominium association (hereinafter the board of managers) filed a common charges lien against the premises in the sum of $10,277. In May 2009, the board of managers commenced an action to foreclose on its lien. A judgment of foreclosure and sale was entered in July 2010. The judgment of foreclosure and sale stated that the premises were to be sold subject to "the first mortgage on the premises." In October 2010, the plaintiff purchased the premises at a public auction for the sum of $15,000. In 2012, the plaintiff commenced this action seeking, inter alia, a judgment declaring that the second mortgage held by the defendant, in the sum of $31,313.61, is subordinate to the common charges lien pursuant to Real Property Law § 339-z.

Contrary to the plaintiff's contention, the Supreme Court correctly granted that branch of US Bank's motion which was for summary judgment declaring its consolidated mortgage in the amount of $166,500 recorded on September 8, 2006, to be the first mortgage lien against the subject property. Since Real Property Law § 339-z is in derogation of the common-law principle of "first in time, first in right," the statutory right to priority must be narrowly construed (*Plotch v Citibank, N.A.*, 120 AD3d 1210, 1211 [2014], *lv granted* 25 NY3d 905 [2015]; *see Greenpoint Bank v El-Basary*, 184 Misc 2d 888, 891 [Sup Ct, NY County 2000]). US Bank demonstrated, prima facie, that its second mortgage comes within the ambit of the statutory priority accorded to all sums unpaid on a first mortgage of record over a lien for unpaid common charges (*see Plotch v Citibank, N.A.*, 120 AD3d at 1211; *Board of Mgrs. of Parkchester N. Condominium v Richardson*, 238 AD2d 282, 284 [1997]; *Greenpoint Bank v El-Basary*, 184 Misc 2d at 892; *Dime Sav. Bank of N.Y. v Levy*, 161 Misc 2d 480 [Sup Ct, Rockland County 1994]), and thus, the common charges lien does not have priority over the consolidation agreement. In opposition, the plaintiff failed to raise a triable issue of fact.

Since this is a declaratory judgment action, we remit the

matter to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring U.S. Bank's consolidated mortgage to be the first mortgage lien against the premises (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur. ■