[54 NE3d 66, 34 NYS3d 394]

ADAM PLOTCH, Appellant, v CITIBANK, N.A., Respondent.

Argued March 24, 2016; decided May 10, 2016

*D'Agostino Levine Landesman & Lederman, LLP*, New York City (*Bruce H. Lederman* and *Eric R. Garcia* of counsel), and *Joel David Sharrow*, Staatsburgh, for appellant.

*Lemery Greisler LLC*, Albany (*Paul A. Levine* and *Peter M. Damin* of counsel), for respondent.

*Gallet Dreyer & Berkey, LLP*, New York City (*Marc Luxemburg* and *Edward M. Cuddy, III*, of counsel), for Council of New York Cooperatives and Condominiums, amicus curiae. ∎

## OPINION OF THE COURT

Chief Judge DiFiore.

Plaintiff was the winning bidder in a foreclosure action in which he purchased a condominium unit subject to "[t]he first Mortgage of record against the premises." The foreclosure action was commenced by the condominium board to recover unpaid common charges owed by the previous unit owner. The issue in this appeal is whether two mortgages that were consolidated into a single mortgage lien years before the condominium board filed its common charges lien qualify as the first mortgage of record under Real Property Law article 9-B, the Condominium Act. We hold that they do, and therefore affirm the order of the Appellate Division.

In July 2000, defendant Citibank, N.A. extended a mortgage for $54,000 to the previous unit owner, which was recorded. The following year, Citibank extended a second mortgage for $38,000 to the owner and entered into a consolidation agreement with him whereby the two mortgages were consolidated "into a single mortgage lien" for $92,000, which the owner and Citibank intended to be treated as a single mortgage. Both the second mortgage and the consolidation agreement were recorded on the same day. Approximately seven years later, the condominium board filed a common charges lien against the unit for unpaid common charges.

Plaintiff purchased the condominium unit for $15,100 in a foreclosure action in 2010 subject to "[t]he first Mortgage of record against the premises." Plaintiff subsequently commenced this action seeking, among other things, a judgment declaring that the second mortgage for $38,000 held by defendant Citibank was subordinate to the subsequently recorded common charges lien under Real Property Law § 339-z and was therefore extinguished by the condominium board's successful foreclosure action. Plaintiff moved for summary judgment. Citibank opposed and cross-moved for summary judgment. Citibank sought, among other things, a declaration that the consolidation agreement was the first mortgage of record under the Condominium Act. Supreme Court denied plaintiff's motion for summary judgment and granted the branch of defendant's motion seeking a declaration that the consolidation

agreement was the first mortgage of record. The court found that plaintiff purchased the unit subject to the consolidated $92,000 Citibank mortgage, not the initial $54,000 Citibank mortgage.

The Appellate Division affirmed and remitted the matter to the Supreme Court for entry of judgment declaring that the consolidation agreement was the first mortgage of record against the premises (120 AD3d 1210 [2d Dept 2014]). This Court granted plaintiff leave to appeal (25 NY3d 905 [2015]).

Normally, the priority of liens is determined by the chronology of recording (*see* Real Property Law § 291). However, Real Property Law § 339-z provides that a condominium board's lien for unpaid common charges has priority over other liens, except for certain statutory exceptions; those statutory exceptions expressly include a first mortgage of record. Specifically, Real Property Law § 339-z states that a "board of managers, on behalf of the unit owners, shall have a lien on each unit for the unpaid common charges thereof, together with interest thereon, prior to all other liens except only . . . (ii) all sums unpaid on a first mortgage of record."

Plaintiff maintains that the phrase "first mortgage of record" means solely the mortgage recorded earliest in time, and that a consolidated mortgage must therefore be broken down into its component mortgages in order to identify the "first mortgage of record." Citibank argues that the consolidation agreement qualifies as the "first mortgage of record" and that plaintiff therefore purchased the condominium unit subject to the consolidated $92,000 mortgage.

Plaintiff relies heavily on *Societe Generale v Charles & Co. Acquisition* (157 Misc 2d 643 [Sup Ct, NY County 1993]). There, as in the instant case, the second mortgage and consolidation agreement were recorded prior to the board's lien for unpaid common charges. That court held that only the original first mortgage had priority over the condominium board's lien.

Since *Societe Generale*, however, numerous lower courts have reached the opposite result and held that a consolidation agreement, recorded *prior* to the board's common charges lien, qualifies as the first mortgage of record for the purposes of Real Property Law § 339-z (*see e.g. Dime Sav. Bank of N.Y. v Levy*, 161 Misc 2d 480 [Sup Ct, Rockland County 1994]; *Greenpoint Bank v El-Basary*, 184 Misc 2d 888 [Sup Ct, NY County 2000]; *AMT CADC Venture, LLC v 455 CPW, L.L.C.*, 45 Misc 3d 176

[Sup Ct, NY County 2013]; *Plotch v US Bank N.A.*, 129 AD3d 813 [2d Dept 2015]).

The courts recognize the well-settled principle that a consolidation "agreement is an instrument of convenience for the contracting parties only" (*Dime*, 161 Misc 2d at 482). A consolidation agreement, however, "cannot adversely affect, impair or derogate the priorities of any lien which has *intervened* between the respective dates of execution and delivery of the two consolidated mortgages" (*id.* at 482 [emphasis added]). Rather, "for purposes of determining priority when there is an intervening lien, the mortgages retain their separate-lien status" (*id.*). In that scenario, the consolidation agreement would not be considered the "first mortgage of record."

This case presents a different situation. Here, there was no intervening lien at the time the loans were consolidated. Indeed, the board did not file its lien until approximately seven years after the consolidation agreement was recorded. The consolidation agreement in this case did not interfere with any rights of the condominium board.

The lower courts have noted the negative practical implications of giving priority to a common charges lien recorded years after the filing of a consolidation agreement. Plainly, such a result might adversely affect the ability of a homeowner to refinance. In addition, as observed by the Supreme Court in *Greenpoint*, Real Property Law § 339-z "does not preclude a condominium owner from refinancing by satisfying a prior mortgage and obtaining another first mortgage in a larger amount" and that "[u]nder such circumstances, there is no question that the new first mortgage would take priority over the Board's lien" (*Greenpoint*, 184 Misc 2d at 892). If this Court were to hold that the consolidation agreement did not qualify as the first mortgage of record, banks and condominium owners would simply take additional steps to satisfy the original mortgage, take out a new mortgage, and pay the additional fees required to achieve precisely the same result.

Given the practical realities of this case, we agree with the Appellate Division that the agreement between Citibank and the previous unit owner to consolidate the mortgages "into a single mortgage lien," recorded years before the common charges lien, qualifies as the "first mortgage of record." To hold otherwise places form over substance. Indeed, the ease with which a formulaic application of the term "first mortgage of

record" can be manipulated demonstrates that such holding would not promote the statutory purpose.

In that regard, we note that the legislature has amended Real Property Law § 339-z numerous times, most recently in 2004. We presume the legislature is on notice of the litigation involving Real Property Law § 339-z and it has the opportunity to amend the statute if it chooses to do so.

Finally, the Condominium Act was enacted "to stimulate greater building activity throughout the State and to allow private enterprise to supply additional housing units, particularly in the middle income rental range" (Mem of Joint Legis Comm on Hous and Urban Dev, Bill Jacket, L 1964, ch 82 at 4, 1964 McKinney's Session Laws of NY at 1840). Our holding today does not frustrate the intent of the statute; to the contrary, it allows condominium unit owners greater flexibility in obtaining a larger mortgage or refinancing.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Judges PIGOTT, RIVERA, ABDUS-SALAAM, STEIN and FAHEY concur; Judge GARCIA taking no part.

Order affirmed, with costs.