Aspen Shackleton III, LLC v Gordon (2020 NY Slip Op 07340)





Aspen Shackleton III, LLC v Gordon


2020 NY Slip Op 07340


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-05503
2017-11788
 (Index No. 135068/16)

[*1]Aspen Shackleton III, LLC, respondent, 
v
Marlon Gordon, et al., defendants, Board of Directors of Heron Pond Homeowners Association, appellant.


Michael J. Motelson, Staten Island, NY, for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt and Jason P. Dionisio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Board of Directors of Heron Pond Homeowners Association appeals from (1) an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated April 5, 2017, and (2) an order of the same court dated August 21, 2017. The order dated April 5, 2017, insofar as appealed from, upon a decision of the same court dated February 23, 2017, among other things, referred the matter to a referee to compute the amount due to the plaintiff. The order dated August 21, 2017, insofar as appealed from, upon the decision dated February 23, 2017, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and denied that defendant's cross motion for summary judgment on its counterclaim, in effect, for a judgment declaring that its continuing lien for unpaid common charges incurred by the defendant Marlon Gordon has priority over the mortgage to the extent the mortgage was modified by a loan modification agreement.
ORDERED that the appeal from the order dated April 5, 2017, is dismissed, as the portions of that order appealed from were superseded by the portions of the order dated August 21, 2017, appealed from; and it is further,
ORDERED that the order dated August 21, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this action to foreclose a modified mortgage, the plaintiff established its prima facie case by producing the mortgage, as modified by a loan modification agreement (hereinafter the loan modification agreement), the unpaid note, and evidence of default (see Bank of Am., N.A. v Sebrow, 180 AD3d 982, 984). In opposition to the plaintiff's prima facie showing, the defendant Board of Directors of Heron Pond Homeowners Association (hereinafter the Association) failed to raise a triable issue of fact.
In general, "the priority of liens is determined by the chronology of recording" (Plotch v Citibank, N.A., 27 NY3d 477, 482; see Real Property Law § 291). Contrary to the Association's contention, the continuing lien for unpaid common charges created by its governing Declaration of Covenants, Restrictions, Easements, Charges and Liens (hereinafter the Declaration), which was recorded prior to the mortgage, "merely provided for a potential lien" for unpaid common charges incurred by the defendant Marlon Gordon, the borrower herein, and thus, gave notice "only of a potential claim" (Valley Natl. Bank v Penna, 91 AD3d 853, 854).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the Association and for an order of reference, and denying the Association's cross motion for summary judgment on its counterclaim, in effect, for a judgment declaring that its continuing lien for unpaid common charges incurred by Gordon has priority over the mortgage to the extent the mortgage was modified by the loan modification agreement.
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court